Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered January 8, 2008. The appeal was *1521 held by this Court by order entered December 23, 2011, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (90 AD3d 1500 [2011]). The proceedings were held and completed (Jeffrey R Merrill, A.J.).
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20). This Court previously held the case, reserved decision and remitted the matter to County Court “to conduct an inquiry to determine whether there was a legitimate basis for defendant’s termination from the drug treatment program, including whether defendant’s postplea arrests were without foundation” (People v Peck, 90 AD3d 1500, 1501 [2011]). We conclude that, upon remittal, the court conducted a sufficient inquiry pursuant to People v Outley (80 NY2d 702, 713 [1993]) to satisfy itself that defendant’s postplea arrest in Camillus, New York had a legitimate basis and thus constituted a violation of the conditions of the drug treatment program and the plea agreement (see People v Fiammegta, 14 NY3d 90, 97 [2010]; People v Marshall, 231 AD2d 893, 894-895 [1996], lv denied 89 NY2d 866 [1996]). Inasmuch as we conclude that defendant’s arrest in Camillus justified his removal from the drug treatment program, we need not address defendant’s remaining contentions. Present — Peradotto, J.P., Garni, Lindley and Sconiers, JJ.